IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HILL,<br><br>    Plaintiff<br><br>v.<br><br>RASMUSSEN MECHANICAL SERVICES, INC. d/b/a C.G. JOHNSON BOILER COMPANY, BRUCE E. RASMUSSEN, and THE BOARD OF TRUSTEES OF THE BOILERMAKERS NATIONAL ANNUITY TRUST,<br><br>    Defendants. | Case No.<br><br>**JOINT NOTICE OF REMOVAL** |

    Defendants Rasmussen Mechanical Services, Inc. d/b/a C.G. Johnson Boiler Company ("Rasmussen Mechanical"), Bruce E. Rasmussen, and The Board of Trustees of the Boilermakers National Annuity Trust (the "Trust") (collectively "Defendants"), by and through their attorneys, hereby jointly give notice of the removal of this case to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446. In support of this Joint Notice of Removal, Defendants state as follows:

    1.    On or about November 22, 2013, Plaintiff initiated this action by filing a Complaint in the District Court for Douglas County, Nebraska: *Robert Hill v. Rasmussen Mechanical Services, Inc., et al.*, CI 13-9647 (hereafter "Plaintiff's Complaint"). A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A**.

2. On November 22, 2013, Defendants Rasmussen Mechanical and Bruce E. Rasmussen were served with the Complaint via email and United States first class mail.

3. On or about December 2, 2013, the Trust received summons of the Complaint.

4. Defendants are timely filing this Notice of Removal within 30 days of service of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1446(b).

5. Plaintiff's Complaint alleges that Plaintiff is a resident of Nebraska (Plaintiff's Complaint ¶ 1) and that Rasmussen Mechanical is an Iowa corporation. (Id., ¶ 2). Bruce E. Rasmussen is a citizen of Iowa. See (Affidavit of Bruce E. Rasmussen, ¶ 3, attached hereto as **Exhibit B**). The Trust is governed by a Board of Trustees, none of whom reside in Nebraska. See (Affidavit of Christine King ¶ 6, attached hereto as **Exhibit C**). See e.g. May Dept. Stores Co. v. Fed. Ins. Co., 305 F.3d 597, 599 (7th Cir. 2002) ("for diversity purposes a trust is a citizen of whatever state the trustee is a citizen of."). Plaintiff's Complaint alleges damages in excess of $243,000.00. (Id. ¶ 28). Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

6. Plaintiff's Complaint also alleges that the Trust is responsible for operating a fund benefitting employees who were members of the International Brotherhood of Boilermakers, Iron Ship-Builders, Blacksmiths, Forgers and Helpers. (Plaintiff's Complaint ¶¶ 8-9). Plaintiff further alleges that he was a beneficiary under an employee benefit plan operated by the Trust, under which Plaintiff is alleged to have been entitled

to have annuity retirement benefits paid by the Trust. (Plaintiff's Complaint ¶¶ 16-17).

7. The Trust is a fund established and jointly maintained by a labor union and contributing employers for the purpose of providing benefits to its participants and/or their beneficiaries in accordance with and subject to the terms of a written plan (the "Plan"). As such, the Trust is an employee benefit plan within the meaning of ERISA. Thus, in addition to diversity jurisdiction, this Court also has original jurisdiction over Plaintiff's claims by virtue of ERISA § 502(e) and 29 U.S.C. § 1132(e), which vest the federal district courts with jurisdiction over civil actions under ERISA Title I, 29 U.S.C. § 1001 *et seq.* Plaintiff's allegations that Defendants have wrongfully denied benefits to which he, as an alleged beneficiary, is entitled to under the terms of the Plan, is a claim for benefits arising under an ERISA-governed plan, and as such, is a claim arising under and completely preempted by ERISA § 502(a)(1)(B). In addition, Plaintiff's claims for damages against the Trust based upon allegations of negligent misrepresentation and breach of fiduciary duty, as well as Plaintiff's claims for equitable relief against the Trust, are claims arising under and completely preempted by ERISA § 502(a)(2) & (3).

8. Plaintiff cannot evade the inherently federal nature of his lawsuit by couching the claims in the above-captioned action in terms of state-law claims, since state-law claims seeking benefits, damages, or equitable relief under an ERISA-governed plan are completely preempted by ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-64 (1987) (suit by beneficiary to recover benefits under ERISA plan falls directly under ERISA's civil enforcement provisions, and is thus removable to federal court as preempted); *see also Neumann v. AT & T Communications, Inc.*, 376

F.3d 773, 779 (8th Cir. 2004) ("Congress intended that an action brought to recover benefits or enforce rights that were allegedly denied contrary to the terms of an ERISA benefit plan will be regarded as arising under the laws of the United States, even if the complaint filed by the plan beneficiary purports to raise only a state law cause of action."); *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000)(plaintiffs' claims for damages and equitable relief completed preempted and removable, since "Section 502(a) preemption extends to § 502(a)(3)"). In addition, Plaintiff's listed claims for damages against Rasmussen Mechanical and Bruce Rasmussen are, in fact, claims arising under and completely preempted by ERISA § 502(a)(2) & (3). By virtue of this Court's original jurisdiction over the claims asserted in Plaintiff's Complaint, this matter is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) & (b).

9. Pursuant to 28 U.S.C. § 1446(a), copies of the summons and Complaint, constituting all the process and pleadings served upon Defendants in the state court action, are attached hereto as **Exhibit D**. Upon information and belief, no other pleadings have been served and no orders have been entered by the State Court.

10. All co-defendants that are not fraudulently joined consent to removal of this action to the United States District Court for the District of Nebraska.

11. Pursuant to 28 U.S.C. § 1446(d), the Defendants will file a copy of this Notice of Removal with the Clerk of the District Court for Douglas County, Nebraska, and will serve a copy of the Notice of Removal on Plaintiff's counsel.

December 19th, 2013.

        RASMUSSEN MECHANICAL SERVICES, INC. d/b/a C.G. JOHNSON BOILER COMPANY, and BRUCE E. RASMUSSEN, Defendants,

        By: *Patrice D Ott*
        David A. Yudelson, #23257
        Patrice D. Ott, #24435
        KOLEY JESSEN P.C., L.L.O.
        One Pacific Place, Suite 800
        1125 South 103rd Street
        Omaha, NE 68124-1079
        (402) 390-9500
        (402) 390-9005 (facsimile)
        David.Yudelson@koleyjessen.com
        Patrice.ott@koleyjessen.com

*Attorneys for Defendants Rasmussen Mechanical Services Inc d/b/a C.G. Johnson Boiler Company and Bruce E. Rasmussen*

THE BOARD OF TRUSTEES OF THE BOILERMAKERS NATIONAL ANNUITY TRUST, Defendant,

By: *With Permission s/ Charles R. Schwartz*
    Charles R. Schwartz
    BLAKE & UHLIG, P.A.
    753 State Avenue
    Suite 475
    Kansas City, KS 66101
    Phone: (913)321-8884
    Fax: (913)321-2396
    crs@blake-uhlig.com

*Attorneys for Defendant The Board of Trustees of the Boilermakers National Annuity Trust.*

## CERTIFICATE OF SERVICE

On the 19th day of December 2013, I electronically filed the above and foregoing with the Clerk of the U.S. District Court using the CM/ECF system. I further certify that on the same day, I served a copy of the foregoing document via United States mail, postage prepaid, to:

Joseph J. Kehm
Thomas M. Locher
LOCHER PAVELKA DOSTAL BRADDY &
HAMMES, LLC
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102

*Patrice D Ott*